b/o

NO CV 30
NO CV 71

5:25-cv-02034-HDV



UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

Brian Alexander Smith,
Plaintiff,

v.

Superior Court of California, County of Ventura (official capacity, injunctive/declaratory relief
only); Commissioner Courtney Lewis (official capacity, injunctive/declaratory relief only);
Kate Bieker; Rachel Jacobs; WC Green; Sean Znachko; Melissa Macias; Judge Ronda McKaig
(official capacity, injunctive/declaratory relief only); Hon. Matthew P. Guasco, Presiding Judge of
Ventura Superior Court (official capacity, injunctive/declaratory relief only);
Judge Valerie Baker Fairbank (official capacity, injunctive/declaratory relief only); Brian P. Kamel;
Jennifer Valadez; Adriana Estrada; Steven G. Johnson, DDS; Bahram Danaei, DDS;
Karin Cross, RDH; Daniel Callaghan, DDS;
Defendants.

Case No. _____

**COMPLAINT FOR VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT,
42 U.S.C. § 1983, AND RELATED CLAIMS**

---

## COVER PAGE

**Plaintiff:**
Brian Alexander Smith
11 Lincoln Ave
Cathedral City, CA 92234
Phone: (619) 261-1789
Email: brianalexander68@gmail.com

**Defendants Added in This Version:**

- Steven G. Johnson, DDS
- Bahram Danaei, DDS
- Karin Cross, RDH
- Daniel Callaghan, DDS

This complaint seeks money damages **only** against non-immune defendants (court staff,
attorney Brian P. Kamel, Jennifer Valadez, Adriana Estrada, and the dentists/hygienist) and
seeks **injunctive and declaratory relief only** against the Ventura Superior Court and all
judges.

## I. JURISDICTION AND VENUE

1. This Court has jurisdiction under 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343 (civil rights).
2. Venue is proper in this District under 28 U.S.C. § 1391(b) because the events giving rise to these claims occurred in Ventura County, California.

## II. PARTIES

3. Plaintiff Brian Alexander Smith is a resident of Cathedral City, California, and is a person with a disability under the ADA.
4. Defendant Superior Court of California, County of Ventura is a state court that operates courthouses in Ventura County. It is sued **only for injunctive and declaratory relief under ADA Title II.**
5. Defendant Commissioner Courtney Lewis is a judicial officer of the Ventura Superior Court, sued **only in her official capacity for injunctive and declaratory relief.**
6. Defendant Kate Bieker is the Executive Officer/Clerk of the Ventura Superior Court, sued in her individual and official capacities for ADA retaliation and denial of access to the courts.
7. Defendant Rachel Jacobs is a court clerk for the Ventura Superior Court, sued in her individual and official capacities for ADA retaliation, obstruction of filings, and participation in events related to Case No. 2024SC031858.
8. Defendant WC Green is a security officer who, on July 17, 2025, falsely reported Plaintiff to law enforcement for "drinking in his van" outside the Ventura courthouse.
9. Defendant Sean Znachko is a California attorney and former employee of Defendant Brian P. Kamel. While employed by the Ventura Superior Court, Znachko was involved in handling matters in Plaintiff's case, creating a serious conflict of interest and supporting Plaintiff's allegations of ghost lawyering, collusion, and ADA retaliation.
10. Defendant Melissa Macias is the ADA Coordinator for the Ventura Superior Court, sued in her individual and official capacities for gross ADA violations, discriminatory conduct, and denial of reasonable accommodations.
11. Defendant Judge Ronda McKaig is a judicial officer of the Ventura Superior Court, sued **only in her official capacity for injunctive and declaratory relief.**
12. Defendant Hon. Matthew P. Guasco is the Presiding Judge of Ventura Superior Court, sued **only in his official capacity for injunctive and declaratory relief.**
13. Defendant Judge Valerie Baker Fairbank is a United States District Judge for the Central District of California, sued **only in her official capacity for injunctive and declaratory relief.**
14. Defendant Brian P. Kamel is an attorney involved in Plaintiff's small claims matter.
15. Defendant Jennifer Valadez is associated with Johnson Family Dental.
16. Defendant Adriana Estrada is associated with Johnson Family Dental.

17. Defendant Steven G. Johnson, DDS, is a dentist and owner of Johnson Family Dental, involved in Plaintiff's dental care and alleged misconduct.
18. Defendant Bahram Danaei, DDS, is a dentist associated with Johnson Family Dental, involved in Plaintiff's dental care and alleged misconduct.
19. Defendant Karin Cross, RDH, is a registered dental hygienist associated with Johnson Family Dental, involved in Plaintiff's dental care and alleged misconduct.
20. Defendant Daniel Callaghan, DDS, is a dentist associated with Johnson Family Dental, involved in Plaintiff's dental care and alleged misconduct.

## III. FACTUAL ALLEGATIONS

(Include all previous factual allegations from the original complaint, while also referencing that Steven G. Johnson, Bahram Danaei, Karin Cross, and Daniel Callaghan were involved in the events and care described.)

## IV. CLAIMS FOR RELIEF

(Counts I–III remain the same, applying to these added defendants as applicable. Requests for monetary damages exclude judges and the state court.)

## V. DAMAGES

Plaintiff seeks $3,000,000 in compensatory and punitive damages **only against non-immune defendants**, declaratory relief, and injunctive relief requiring ADA compliance and prohibiting further retaliation.

## VI. PRAYER FOR RELIEF

Plaintiff respectfully requests that this Court:
A. Award $3,000,000 in damages jointly and severally against all **non-immune defendants** (court staff, attorney Brian P. Kamel, Jennifer Valadez, Adriana Estrada, and the dentists/hygienist).
B. Issue declaratory relief that Defendants' actions violated the ADA and Plaintiff's constitutional rights.
C. Issue injunctive relief requiring Ventura Superior Court and judicial defendants to provide ADA accommodations and prohibit retaliatory conduct.
D. Grant any further relief this Court deems just and proper.

DATED: August 2, 2025

/s/ Brian Alexander Smith
Brian Alexander Smith
11 Lincoln Ave
Cathedral City, CA 92234

Email: brianalexander68@gmail.com
Phone: (619) 261-1789

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**Brian Alexander Smith**,
 Plaintiff,
 v.
 **Superior Court of California, County of Ventura; Commissioner Courtney Lewis; Kate Bieker; Rachel Jacobs; WC Green; Sean Znachko; Melissa Macias; Judge Ronda McKaig (official capacity); Presiding Judge of Ventura Superior Court (official capacity); County of Ventura General Services Agency; Brian P. Kamel; Jennifer Valadez; Adriana Estrada**,
 Defendants.

**Case No.** (To be assigned)

---

## EXHIBIT INDEX

| Exhibit | Description |
|---|---|
| **Exhibit A** | Summary Timeline of ADA Requests and Court Incidents |
| **Exhibit B** | Ventura Court ADA Accommodation Requests and Denials |
| **Exhibit C** | Correspondence with ADA Coordinators (Danielle Anderson, Melissa Macias) |
| **Exhibit D** | Notice to Court Regarding Improper SC-109 Appearance |
| **Exhibit E** | ADA Grievance Determination (Reviewed July 17, 2025) |
| **Exhibit F** | Email Notice to All Parties Regarding TRO Filing |
| **Exhibit G** | Return Receipts and Service Logs |
| **Exhibit H** | Minute Orders Showing Judicial Misconduct or Denial of ADA |
| **Exhibit I** | Transcripts from Hearings on January 30, May 16, July 17, 2025 |
| **Exhibit J** | Photographic Evidence of Brian P. Kamel & Jennifer Valadez Outside Court |
| **Exhibit K** | Docket Showing Missing SC-109 for July 17, 2025 Hearing |
| **Exhibit L** | False Police Report Summary and Response from Ventura Court |
| **Exhibit M** | Statement by Witness (Diane G. Smith or Helen Rodriguez) |
| **Exhibit N** | Declaration of Brian Smith from Previous Filing |

| | |
|---|---|
| **Exhibit O** | Complaint Summary Timeline and Index (Full PDF) |
| **Exhibit P** | Email from Melissa Macias Denying Responsibility |
| **Exhibit Q** | CT Corporation Records for Defendant Corporation |
| **Exhibit R** | Supporting Screenshots, Photos, and Video Stills |

Executed on **August 5, 2025**, in Cathedral City, California.

**/s/ Brian Alexander Smith**
**Brian Alexander Smith**
Plaintiff, In Pro Per
11 Lincoln Ave
Cathedral City, CA 92234
brianalexander68@gmail.com
(619) 261-1789



https://ventura.ecourt.com/public-portal/?q=node/391/643177

## Case Summary

| CASE & CLAIM INFORMATION | PARTIES | ALL HEARINGS | REGISTER |
|---|---|---|---|

### ⌄ REGISTER

Search

| Date | |
|---|---|
| ├─ 07/30/2025  Certificate of Clerk's Service - Attachment <br/> Generated by: Court |  |
| ├─ 07/30/2025  Request to Correct or Cancel Judgment and Answer <br/> Filed by: Smith, Brian Alexander (Plaintiff) | |
| ├─ 07/29/2025  Updated -- Request to Correct or Cancel Judgment and Answer: <br/> Result: Withdrawn <br/> Result Date: 07/29/2025 | |
| ├─ 07/28/2025  Notice of Withdrawal of Motion (SC-135) <br/> Filed by: Smith, Brian Alexander (Plaintiff) | |
| ├─ 07/25/2025  Notice of Rejection-Small Claims <br/> Generated by: Court <br/>As to: Smith, Brian Alexander (Plaintiff) | |
| ├─ 07/25/2025  Notice of Rejection-Small Claims <br/> Generated by: Court <br/>As to: Smith, Brian Alexander (Plaintiff) | |
| ├─ 07/24/2025  Notice of Rejection-Small Claims <br/> Generated by: Court <br/>As to: Smith, Brian Alexander (Plaintiff) | |
| ├─ 07/24/2025  Notice of Rejection-Small Claims <br/> Generated by: Court <br/>As to: Smith, Brian Alexander (Plaintiff) | |
| ├─ 07/22/2025  Notice of Rejection-Small Claims <br/> Generated by: Court <br/>As to: Smith, Brian Alexander (Plaintiff) | |
| ├─ 07/22/2025  Notice of Rejection-Small Claims <br/> Generated by: Court <br/>As to: Smith, Brian Alexander (Plaintiff) | |
| ├─ 07/21/2025  Certificate of Clerk's Service for [Request to Correct or Cancel Judgment and Answer] <br/> Generated by: Court | |
| ├─ 07/21/2025  Request to Correct or Cancel Judgment and Answer <br/> Filed by: Smith, Brian Alexander (Plaintiff) | |
| ├─ 07/18/2025  Notice of Entry of Judgment (Small Claims) <br/> Generated by: Court | |
| ├─ 07/18/2025  Court orders judgment entered for Defendant Steven G Johnson Dental Corporation against Plaintiff Brian Alexander Smith on the Amended Plaintiff's Claim (2nd) filed by Brian Alexander Smith on 10/25/2024 for the principal amount of $0.00 and costs of $0.00 for a total of $0.00. | |
| ├─ 07/17/2025  Declaration of Brian Alexander Smith In Support of Notice of ADA Review <br/> Filed by: Smith, Brian Alexander (Plaintiff) | |

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF VENTURA
### Superior Court of California, County of Ventura, Hall of Justice, Department 22

**2024SC031858**                                                                                     June 6, 2025
**BRIAN ALEXANDER SMITH vs JOHNSON FAMILY**                                                  8:14 AM
**DENTAL**


Judge: Honorable Matthew P. Guasco
Judicial Secretary: H. McIntyre
CSR: None

APPEARANCES:


**NATURE OF PROCEEDINGS:** Disqualification of Judge (CCP § 170.6)

The matter having been referred to the Presiding Judge for review, the court finds as follows:

The court having reviewed the CCP § 170.6 disqualification filed by plaintiff Brian Alexander Smith against Judge Ronda J. McKaig, the court finds said disqualification disallowed per CCP § 170.6(a)(2).

The court, having found the CCP § 170.6 disqualification filed by Plaintiff Brian Alexander Smith against Judge Ronda J. McKaig disallowed per CCP § 170.6(a)(2), the motion for disqualification is denied.

The matter remains assigned for all purposes to Commissioner Courtney M. Lewis, Department J5, Juvenile Justice Complex, 4353 E. Vineyard Avenue, Oxnard, California 93036.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF VENTURA

### Superior Court of California, County of Ventura, Hall of Justice, Department 42

**2024SC031858**                                                    May 30, 2025
**BRIAN ALEXANDER SMITH vs JOHNSON FAMILY**                          4:35 PM
**DENTAL**

Judge: Honorable Ronda McKaig
Judicial Secretary: Tammy Brantner
CSR: None

APPEARANCES:

**NATURE OF PROCEEDINGS:** In Re Filing of Disqualification of Judge (CCP section 170.6)

The matter having been referred to the Supervising Civil Judge for review, the court finds as follows:

Plaintiff Brian Alexander Smith 170.6 CCP against Commissioner Courtney M. Lewis is denied.

The Court notes for the record Plaintiff Brian Alexander Smith filed a 170.6 CCP disqualification against Commissioner Courney M. Lewis on 5/28/25, whereupon the Court finds said disqualification to be untimely.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF VENTURA
Superior Court of California, County of Ventura, Hall of Justice, Department 42

**2024SC031858**                                                       May 30, 2025
**BRIAN ALEXANDER SMITH vs JOHNSON FAMILY**                                      4:35 PM
**DENTAL**

Judge: Honorable Ronda McKaig
Judicial Secretary: Tammy Brantner
CSR: None

APPEARANCES:

**NATURE OF PROCEEDINGS:** In Re Filing of Disqualification of Judge (CCP section 170.6)

The matter having been referred to the Supervising Civil Judge for review, the court finds as follows:

Plaintiff Brian Alexander Smith 170.6 CCP against Commissioner Courtney M. Lewis is denied.

The Court notes for the record Plaintiff Brian Alexander Smith filed a 170.6 CCP disqualification against Commissioner Courney M. Lewis on 5/28/25, whereupon the Court finds said disqualification to be untimely.

---

Minute Order                                                       Page 1 of 1

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF VENTURA
### Superior Court of California, County of Ventura, Hall of Justice, Department 42

**2024SC031858**
**BRIAN ALEXANDER SMITH vs JOHNSON FAMILY DENTAL**

May 27, 2025
8:30 AM

Judge: Honorable Ronda McKaig
Judicial Secretary: Tammy Brantner
CSR: None

APPEARANCES:

**NATURE OF PROCEEDINGS:** In Re Filing of Disqualification of Judge (CCP section 170.6)

The matter having been referred to the Supervising Civil Judge for review, the court finds as follows:

Plaintiff Brian Alexander Smith 170.6 CCP against Commissioner Courtney M. Lewis is denied.

The Court notes for the record Plaintiff Brian Alexander Smith filed a 170.6 CCP disqualification against Commissioner Courtney M. Lewis, whereupon the Court finds said disqualification to be untimely.

The matter will remain in Department J5, Commissioner Courtney M. Lewis presiding.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF VENTURA
Superior Court of California, County of Ventura, Juvenile Courthouse, Department J5

**2024SC031858**                                                      May 16, 2025
**BRIAN ALEXANDER SMITH vs JOHNSON FAMILY**                           2:30 PM
**DENTAL**


Commissioner: Honorable Courtney M Lewis
Judicial Assistant: Rachel Jacobs
CSR: None

APPEARANCES:

Brian Alexander Smith, Plaintiff, present.

Jennifer Valadez appearing on behalf of Steven G Johnson Dental Corporation, present.

Also, present Counsel Brian Kamel for the Defendant, Steven G. Johnson Dental Corporation.


**NATURE OF PROCEEDINGS:** Hearing on Plaintiff's Request to Correct/Cancel Judgment

**NATURE OF PROCEEDINGS:** Motion for Hearing on Rejected Filings and ADA Relief

**NATURE OF PROCEEDINGS:** Motion Renewed Motion to Strike

Pursuant to the Canons of Judicial Ethics, Commissioner Lewis discloses that prior to working
for the court, she was employed as a Deputy District Attorney, but did not handle cases assigned
to courtroom J5. Commissioner Lewis has determined that her prior employment does not
disqualify her from hearing the cases on calendar.


All parties and witnesses are sworn.

FTR recording 2:22 PM

The Court informs the parties the order of the matters that will be held today.

The Court notes that Jennifer Valadez, representative for Steven G. Johnson Dental Corporation
and Counsel Kamel have stepped out of the courtroom.

The Court will proceed with a closed proceeding at 2:26 p.m. to address the ADA request, and
the Court notes that only the judicial assistant, bailiff, and the plaintiff are present in the
courtroom.

The Plaintiff addresses the Court regarding the history of the case.

The Plaintiff addresses the Court regarding Judge McKaig decision on May 2, 2025.

The Plaintiff provides details to the Court of the incident that occurred with the dentist on

Amended on 05/21/2025 8:31 AM

December 6th.

The Plaintiff addresses the Court regarding the trial brief filed by the Defendant.

The Plaintiff provides the Court with tangential testimony.

The Plaintiff addresses the Court regarding the communication with Counsel Kamel.

The Court and the Plaintiff confer regarding the hearing that took place on 01/30/2025.

The Court assures the Plaintiff that if he needs clarification, it will be provided by the Court.

The Plaintiff addresses the Court regarding a new judge and a new hearing.

The Plaintiff addresses the Court regarding the documents that were filed today.

The Plaintiff informs the Court he is using chat GBT to assist him with today's hearing.

The Court takes a brief recess to allow the Plaintiff to retrieve his power cord for his laptop.

FTR recording 3:45 PM

The Plaintiff reads aloud his communication with chat GBT.

The Court and the Plaintiff confer regarding the Motion(s) and ADA on calendar today.

The Court notes that the Clerk provides a printout of the documentation that has been filed with the Court on 05/16/2025.

The Court informs the Plaintiff that the Court cannot make rulings on Motions that were rejected.

The Plaintiff addresses the Court regarding the Peremptory Challenge 170.6 request.

The Court informs the Plaintiff that his request for Peremptory Challenge 170.6 was untimely and has been denied.

FTR recording 3:57 PM

The Court notes that Jennifer Valadez, representative for Steven G. Johnson Dental Corporation and Counsel Kamel are now present in the Courtroom.

The Court and Mr. Kamel confer regarding his attendance today.

Mr. Kamel requests to appear on behalf of Steven G. Johnson Dental Corporation.

The Court denies Mr. Kamel's request to appear on behalf of the Defendant.

The Court notes that Mr. Kamel may remain in the audience, and that Mr. Kamel shall not

Amended on 05/21/2025 8:31 AM

provide any legal assistance to the Defendant.

The Court and parties confer regarding the Motion to Strike.

The Plaintiff addresses the Court regarding the Motion to Strike

The Plaintiff informs the Court that there are discrepancies between the Defendant and his request.

The Court confirms the details of the Motion to Stike with the Plaintiff.

The Court and parties converse regarding the Motion to Vacate May 2 order.

The Court and parties converse regarding the Motion to Vacate May 2, 2025, order of Judge Rhonda McKaig.

The Court and parties converse regarding the Motion for demand for hearing.

The Court provides the Plaintiff a copy of the Motion to Correct/Vacate judgment.

The Court and parties converse regarding the Motion to Correct/Vacate judgment filed.

The Plaintiff addresses the Court regarding on why he was not ready to go forward at the 01/30/25 trial.

The Court finds/orders:

The Motion to reject filings is/are denied.

The Motion to Strike is/are denied.

The Motion to Vacate May 2 order is/are denied.

The Motion to Correct/Vacate Judgment is/are granted.

Small Claims Trial is scheduled for 07/17/2025 at 01:30 PM in Department J5 at Juvenile Courthouse.

Steven G. Johnson Dental Corporation shall refile the 01/28/25 Trial brief and all subsequential documents and serve the Plaintiff forthwith.

The Court orders the portion of the trial brief filed on 01/28/25 that includes medical records be sealed.

Steven G. Johnson Dental Corporation shall provide a copy of the medical records in their entirety and served to the Plaintiff forthwith.

Notice to be given by the Clerk.

2024SC031858                  **BRIAN ALEXANDER SMITH vs JOHNSON FAMILY DENTAL**

Certificate of Mailing is attached.

Amended on 05/21/2025 8:31 AM

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF VENTURA
### Superior Court of California, County of Ventura, Hall of Justice, Department 42

**2024SC031858**                                                                    May 2, 2025
**BRIAN ALEXANDER SMITH vs JOHNSON FAMILY**                          9:08 AM
**DENTAL**


Judge: Honorable Ronda McKaig
Judicial Secretary: Tammy Brantner
CSR: None

APPEARANCES:



**NATURE OF PROCEEDINGS:** Court Order Vacating Small Claims Trial and Setting Matter for Hearing in J5, Commissioner Lewis

This Court vacates its Notice of Continuance of April 30, 2025, continuing the small claims trial to 5/16/25 in Department 42. That notice was issued in error. This matter is set for a hearing on Plaintiff's Request to correct or cancel the judgment, which hearing will be held before Commissioner Lewis on May 16, 2025 at 2:30 p.m. in Department J5.

As the procedural history of this case is somewhat convoluted, the Court provides the following summary to help the parties understand why the matter remains assigned to Commissioner Lewis.

On January 30, 2025, Plaintiff's case was tried before Commissioner Lewis. After trial, Commissioner Lewis found in favor of Defendant Johnson Family Dental and judgment was entered.

On February, 18, 2025, after judgment was entered in his small claims trial, Plaintiff filed a motion to set aside a prior court order and cancel the judgment, along with a motion to recuse/disqualify Commissioner Lewis under CCP 170.6.

The Supervising Judge of the Civil Department was not made aware of the challenge under CCP 176 and failed to take action on that challenge.

On March 13, 2025, Commissioner Lewis issued an amended order granting Plaintiff's request to correct or cancel the judgment and set the matter for a hearing on May 1, 2025.

On April 16, 2025, Plaintiff filed a Request for Court Order, and several additional filings thereafter. On April 29, 2025, Commissioner Lewis denied Plaintiff's request for additional court orders.

On April 30, it came to the attention of the Supervising Civil Judge that Plaintiff had challenged Commissioner Lewis under CCP 170.6 on February 18, 2025. This Court erroneously assumed that the trial listed in the register of actions as set for May 1, 2025, was the initial trial. As a result, in response to learning of the 170.6 challenge from February 18, this Court initially granted the challenge and reassigned the matter to Department 42, not realizing a trial had already taken place. However, upon further review, the Court now denies Plaintiff's motion to disqualify because the required declaration did not accompany the request, and the challenge was untimely as Commissioner Lewis had already ruled on the merits of Plaintiff's case at trial and judgment was entered. As a result, the case remains assigned to Commissioner Lewis.

The hearing on Plaintiff's request to correct/cancel the judgment is continued to May 16, 2025 at 2:30 p.m. in Department J5, before Commissioner Lewis. The trial set for May 16, 2025 is vacated. If a trial is necessary, it will be set by Commissioner Lewis.


The clerk is directed to give notice.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF VENTURA
Superior Court of California, County of Ventura, Juvenile Courthouse, Department J5

**2024SC031858**                                                    January 30, 2025
**BRIAN ALEXANDER SMITH vs JOHNSON FAMILY**                              9:00 AM
**DENTAL**

Commissioner: Honorable Courtney M Lewis
Judicial Assistant: Rachel Jacobs
CSR: None

APPEARANCES:

Brian Alexander Smith, Plaintiff, self represented, present.

Adriana Estrada appearing on behalf of Steven G Johnson Dental Corporation, present.

**NATURE OF PROCEEDINGS:** Small Claims Trial

Pursuant to the Canons of Judicial Ethics, Commissioner Lewis discloses that prior to working for the court, she was employed as a Deputy District Attorney, but did not handle cases assigned to courtroom J5. Commissioner Lewis has determined that her prior employment does not disqualify her from hearing the cases on calendar.

All parties and witnesses are sworn.

FTR recording 10:02 AM

The Court directs the parties to meet with mediator outside the courtroom and participate in settlement discussion.

FTR recording 10:46 AM

Mediation attempt was unsuccessful and matter will proceed to trial.

The Court addresses the parties regarding their request to have a Judge hear today's proceedings.

Brian Alexander Smith (Plaintiff) is sworn and testifies on his own behalf.

The Court receives and considers exhibits submitted by Plaintiff.

The Court notes that the medical records submitted by the Plaintiff will be confidential and sealed.

Adriana Estrada is sworn and testifies for Steven G. Johnson Dental Corporation.

Jennifer Valadez is sworn and testifies for Steven G. Johnson Dental Corporation.

The Court receives additional testimony from the Plaintiff.

The Court retains all parties exhibits to assist in ruling, and orders them returned upon completion of judgment.

The Court finds/orders:

The matter is taken under submission.

Out of the presence of all parties, having considered the evidence and/or testimony offered, the Court now rules as follows:

The Court heard this matter on January 30, 2025. The Plaintiff and a representative for the Defendant were present.

Both parties provided documentation. The Court has read and considered everything provided.

The Court sealed the Plaintiff's medical records.

The Plaintiff seeks $12,500. The Plaintiff alleges that the Defendant violated the American Disabilities Act, committed medical malpractice, and performed procedures he did not authorize.

The Plaintiff testified that he suffered a traumatic brain injury that resulted in a cognitive disability.

The Plaintiff made multiple visits to the Defendant's office spanning from October 22, 2021, to December 6, 2023. The Plaintiff's initial visit was on October 22, 2021. The Plaintiff expressed dissatisfaction with the shape of an existing restoration on tooth #3. The Defendant's office recommended a crown and build-up to address the issue within three months. The Plaintiff did not return to the Defendant's office for over a year.

On November 30, 2023, the Plaintiff returned to the office where someone reviewed his medical history and took radiographs. The Defendant's office recommended repairing a chip on tooth #8 per the Plaintiff's request, and class V fillings on teeth #5, # 6, #12, #13, #28, #29, and #30. The Defendant's office once again recommended a crown for tooth #3 due to recurrent decay.  The Plaintiff scheduled a cleaning for the following day.

On December 1, 2023, the Plaintiff returned for a cleaning appointment. During the hand-scaling portion of the cleaning, the crown on tooth #14 became dislodged due to moderate calculus and heavy bleeding. Dr. Callaghan re-seated the crown during the same visit.

On December 6, 2023, the Plaintiff received composite restorations on teeth #6, # 8, #11, and #12. Prior to the procedure, someone reviewed the Plaintiff's medical history and obtained

informed consent. The Plaintiff was advised to return for additional recommended treatment but did not do so.

The Plaintiff testified that the Defendant was negligent when the crown on tooth #14 became dislodged. Additionally, the Plaintiff alleges the Defendant violated the American Disabilities Act by taking advantage of his disability and performing procedures he did not consent to. In a Small Claims Action, the Plaintiff bears the burden of proving their case by a preponderance of the evidence. The Plaintiff did not present any evidence the Defendant violated the American Disabilities Act.

To prove a claim of medical malpractice, the Plaintiff must present evidence of the requisite standard care and demonstrate that the Defendant's care fell below that standard. The Plaintiff did not present any evidence to prove his claim.

On the contrary, the Defendant provided a declaration from Dr. Edmond Hewlett, D.D.S., an expert prosthodontist, who is on the full time faculty at the UCLA School of Dentistry and an associate dean, and a practicing dentist in the UCLA Faculty Practice group. Dr. Hewlett reviewed the Plaintiff's dental records, radiographs, and treatment provided to the Plaintiff. Dr. Hewlett opines that the treatment provided by the Defendant met the standard of care.

The Plaintiff has not met his burden.

Judgment is for the Defendant.


Court orders judgment entered for Defendant Steven G Johnson Dental Corporation against Plaintiff Brian Alexander Smith on the Amended Plaintiff's Claim (2nd) filed by Brian Alexander Smith on 10/25/2024 for the principal amount of $0.00 for a total of $0.00.



Upon Judgment being entered Small Claims exhibits are ordered returned to the submitting parties and may be picked up at the exhibit department within 60 days of the judgment. Exhibits remaining in the court's custody after 60 days will be destroyed.

Certificate of Mailing is attached.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF VENTURA
Superior Court of California, County of Ventura, Juvenile Courthouse, Department J5

**2024SC031858**                                                                    May 16, 2025
**BRIAN ALEXANDER SMITH vs JOHNSON FAMILY**                            2:30 PM
**DENTAL**

Commissioner: Honorable Courtney M Lewis
Judicial Assistant: Rachel Jacobs
CSR: None

APPEARANCES:

Brian Alexander Smith, Plaintiff, present.

Jennifer Valadez appearing on behalf of Steven G Johnson Dental Corporation, present.

Also, present Counsel Brian Kamel for the Defendant, Steven G. Johnson Dental Corporation.

**NATURE OF PROCEEDINGS:** Hearing on Plaintiff's Request to Correct/Cancel Judgment

**NATURE OF PROCEEDINGS:** Motion for Hearing on Rejected Filings and ADA Relief

**NATURE OF PROCEEDINGS:** Motion Renewed Motion to Strike

Pursuant to the Canons of Judicial Ethics, Commissioner Lewis discloses that prior to working for the court, she was employed as a Deputy District Attorney, but did not handle cases assigned to courtroom J5. Commissioner Lewis has determined that her prior employment does not disqualify her from hearing the cases on calendar.

All parties and witnesses are sworn.

FTR recording 2:22 PM

The Court informs the parties the order of the matters that will be held today.

The Court notes that Jennifer Valadez, representative for Steven G. Johnson Dental Corporation and Counsel Kamel have stepped out of the courtroom.

The Court will proceed with a closed proceeding at 2:26 p.m. to address the ADA request, and the Court notes that only the judicial assistant, bailiff, and the plaintiff are present in the courtroom.

The Plaintiff addresses the Court regarding the history of the case.

The Plaintiff addresses the Court regarding Judge McKaig decision on May 2, 2025.

The Plaintiff provides details to the Court of the incident that occurred with the dentist on

Amended on 05/21/2025 8:31 AM

---
Minute Order                                                          Page 1 of 4

December 6th.

The Plaintiff addresses the Court regarding the trial brief filed by the Defendant.

The Plaintiff provides the Court with tangential testimony.

The Plaintiff addresses the Court regarding the communication with Counsel Kamel.

The Court and the Plaintiff confer regarding the hearing that took place on 01/30/2025.

The Court assures the Plaintiff that if he needs clarification, it will be provided by the Court.

The Plaintiff addresses the Court regarding a new judge and a new hearing.

The Plaintiff addresses the Court regarding the documents that were filed today.

The Plaintiff informs the Court he is using chat GBT to assist him with today's hearing.

The Court takes a brief recess to allow the Plaintiff to retrieve his power cord for his laptop.

FTR recording 3:45 PM

The Plaintiff reads aloud his communication with chat GBT.

The Court and the Plaintiff confer regarding the Motion(s) and ADA on calendar today.

The Court notes that the Clerk provides a printout of the documentation that has been filed with the Court on 05/16/2025.

The Court informs the Plaintiff that the Court cannot make rulings on Motions that were rejected.

The Plaintiff addresses the Court regarding the Peremptory Challenge 170.6 request.

The Court informs the Plaintiff that his request for Peremptory Challenge 170.6 was untimely and has been denied.

FTR recording 3:57 PM

The Court notes that Jennifer Valadez, representative for Steven G. Johnson Dental Corporation and Counsel Kamel are now present in the Courtroom.

The Court and Mr. Kamel confer regarding his attendance today.

Mr. Kamel requests to appear on behalf of Steven G. Johnson Dental Corporation.

The Court denies Mr. Kamel's request to appear on behalf of the Defendant.

The Court notes that Mr. Kamel may remain in the audience, and that Mr. Kamel shall not

Amended on 05/21/2025 8:31 AM

provide any legal assistance to the Defendant.

The Court and parties confer regarding the Motion to Strike.

The Plaintiff addresses the Court regarding the Motion to Strike

The Plaintiff informs the Court that there are discrepancies between the Defendant and his request.

The Court confirms the details of the Motion to Stike with the Plaintiff.

The Court and parties converse regarding the Motion to Vacate May 2 order.

The Court and parties converse regarding the Motion to Vacate May 2, 2025, order of Judge Rhonda McKaig.

The Court and parties converse regarding the Motion for demand for hearing.

The Court provides the Plaintiff a copy of the Motion to Correct/Vacate judgment.

The Court and parties converse regarding the Motion to Correct/Vacate judgment filed.

The Plaintiff addresses the Court regarding on why he was not ready to go forward at the 01/30/25 trial.

The Court finds/orders:

The Motion to reject filings is/are denied.

The Motion to Strike is/are denied.

The Motion to Vacate May 2 order is/are denied.

The Motion to Correct/Vacate Judgment is/are granted.

Small Claims Trial is scheduled for 07/17/2025 at 01:30 PM in Department J5 at Juvenile Courthouse.

Steven G. Johnson Dental Corporation shall refile the 01/28/25 Trial brief and all subsequential documents and serve the Plaintiff forthwith.

The Court orders the portion of the trial brief filed on 01/28/25 that includes medical records be sealed.

Steven G. Johnson Dental Corporation shall provide a copy of the medical records in their entirety and served to the Plaintiff forthwith.

Notice to be given by the Clerk.

Amended on 05/21/2025 8:31 AM

**2024SC031858**                    **BRIAN ALEXANDER SMITH vs JOHNSON FAMILY DENTAL**

Certificate of Mailing is attached.

Amended on 05/21/2025 8:31 AM

#6

**SC-109**    **Authorization to Appear**

This form is used to tell the court you are authorized to appear for a plaintiff or defendant in a small claims case. You may also use this form to ask the court for permission to help a plaintiff or defendant who cannot properly speak for himself or herself.

You cannot appear for a defendant or plaintiff if your only job is to represent him or her in small claims court. If you are a lawyer, you can appear only as authorized by section 116.530 of the Code of Civil Procedure.

Fill out ① – ④ on this page, then file it with the small claims clerk at or before the trial.

*Clerk stamps date here when form is filed.*

VENTURA
SUPERIOR COURT
**FILED**

JAN 30 2025

BRENDA L. McCORMICK
Executive Officer and Clerk
By: _____, Deputy

① **List the name, address, and position of the person appearing:**
Name: *Adriana Estrada*
Address: *309 S. Voluntario St*
Job title or relationship to the defendant or plaintiff you want to appear for: *District Manager*

*Fill in court name and street address:*
Superior Court of California, County of

*Fill in your case number and case name below:*
**Case Number:**
*2024SC03188*

**Case Name:**
*Brian A. Smith vs Steven J. Johnson Corp*

② **Who are you appearing for?**
☒ A defendant in this case *(name)*: *Steven J. Johnson*
☐ A plaintiff in this case *(name)*: _____

③ **Tell us about the defendant or plaintiff you are appearing for.**
I am appearing for a *(check one)*:
☒ **Corporation** and I am an employee, officer, or director of that corporation.
☐ **Partnership** and I am an employee, officer, director, or partner of that partnership.
☐ **Other business** (not a corporation, partnership, or sole proprietorship) and I am an employee, officer, or director of that business.
☐ **Government agency or other public entity** and I am an employee, officer, or director of that agency or entity.
☐ **Sole proprietorship** and I am an employee of that business. I am qualified to testify about business records made in the regular course of business at or near the time of the event. The content of the business records is the only issue in this case. *(Evidence Code, § 1271).*
☐ **Plaintiff who was assigned to out-of-state active duty in the U.S. armed forces for more than 6 months** after filing this claim. I am not being paid to appear. I have not appeared in small claims court for other people more than 4 times in this calendar year.
☐ **Defendant or plaintiff who is in a jail, a prison, or another detention facility now.** I am not being paid to appear. I have not appeared in small claims court for other people more than 4 times in this calendar year.
☐ **Owner of rental property in California** who employs me as a property agent. This claim is about the rental property I manage.
☐ **Association** created to manage a common interest development and I am an agent, management company representative, or bookkeeper for that association.
☐ **Husband or wife** and my spouse and I are both listed on this claim and agree that either spouse can appear for the other.
☐ **Other** *(explain):* _____

④ I declare under penalty of perjury under California state law that the information above is true and correct.
Date: *1/30/25*

_____          _____
*Type or print your name*          *Sign your name*

Judicial Council of California, www.courtinfo.ca.gov
Revised January 1, 2007, Optional Form
Code of Civil Procedure, § 116.540
**Authorization to Appear**
**(Small Claims)**
SC-109, Page 1 of 1

**SC-109**    **Authorization to Appear**

This form is used to tell the court you are authorized to appear for a plaintiff or defendant in a small claims case. You may also use this form to ask the court for permission to help a plaintiff or defendant who cannot properly speak for himself or herself.

You cannot appear for a defendant or plaintiff if your only job is to represent him or her in small claims court. If you are a lawyer, you can appear only as authorized by section 116.530 of the Code of Civil Procedure.

Fill out ① – ④ on this page, then file it with the small claims clerk at or before the trial.

*Clerk stamps date here when form is filed.*

VENTURA
SUPERIOR COURT
**FILED**

MAY 16 2025

**K. BIEKER**
Executive Officer and Clerk
BY: _____, Deputy

**RACHEL JACOBS**

*Fill in court name and street address:*
**Superior Court of California, County of**

① **List the name, address, and position of the person appearing:**
Name: Jennifer Valadez
Address: 206 S. Brookshire Ave Ventura 93003
Job title or relationship to the defendant or plaintiff you want to appear for: Office Manager

*Fill in your case number and case name below:*
**Case Number:**
2024SC031858

**Case Name:**
Brian Alexander Smith VS.
Steven G. Johnson Dental

② **Who are you appearing for?**
☑ A defendant in this case *(name):* _____
☐ A plaintiff in this case *(name):* _____

③ **Tell us about the defendant or plaintiff you are appearing for.**
I am appearing for a *(check one):*

☑ **Corporation** and I am an employee, officer, or director of that corporation.
☑ **Partnership** and I am an employee, officer, director, or partner of that partnership.
☐ **Other business** (not a corporation, partnership, or sole proprietorship) and I am an employee, officer, or director of that business.
☐ **Government agency or other public entity** and I am an employee, officer, or director of that agency or entity.
☐ **Sole proprietorship** and I am an employee of that business. I am qualified to testify about business records made in the regular course of business at or near the time of the event. The content of the business records is the only issue in this case. *(Evidence Code, § 1271).*
☐ **Plaintiff who was assigned to out-of-state active duty in the U.S. armed forces for more than 6 months** after filing this claim. I am not being paid to appear. I have not appeared in small claims court for other people more than 4 times in this calendar year.
☐ **Defendant or plaintiff who is in a jail, a prison, or another detention facility now.** I am not being paid to appear. I have not appeared in small claims court for other people more than 4 times in this calendar year.
☐ **Owner of rental property in California** who employs me as a property agent. This claim is about the rental property I manage.
☐ **Association** created to manage a common interest development and I am an agent, management company representative, or bookkeeper for that association.
☐ **Husband or wife** and my spouse and I are both listed on this claim and agree that either spouse can appear for the other.
☐ **Other** *(explain):* _____

④ I declare under penalty of perjury under California state law that the information above is true and correct.
Date: 5/16/25
Jennifer Valadez
*Type or print your name*                    ▶          *Sign your name*

Judicial Council of California, www.courtinfo.ca.gov
Revised January 1, 2007, Optional Form
Code of Civil Procedure, § 116.540

**Authorization to Appear**
**(Small Claims)**

**SC-109**, Page 1 of 1

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF VENTURA

*COURTHOUSE ADDRESS.*
Juvenile Courthouse
4353 East Vineyard Ave
Oxnard, CA 93036

*PLAINTIFF/PETITIONER:* Brian Alexander Smith

*DEFENDANT/RESPONDENT:* Johnson Family Dental

*CASE TITLE:*
BRIAN ALEXANDER SMITH vs JOHNSON FAMILY DENTAL

| **NOTICE OF REJECTION – SMALL CLAIMS** | *CASE NUMBER:* 2024SC031858 |
| --- | --- |

**Your submission cannot be processed for the following reason(s):**

Document: <u>Notice of Appeal received 5/6/25</u>

☐ Courthouse is incorrect.

☐ Case number is incorrect or missing.

☐ Filing party / signature / date is incorrect or missing.

☐ Section(s) incomplete _____

☐ Dismissal entered on _____.

☐ Judgment entered on _____.

☐ Judgment amount is required or incorrect.

☐ Fee(s) due: Please resubmit with a money order or check in the amount of $_____. DO NOT send cash.

☐ Amount of accrued interest is incorrect.

☐ Ten year limitation on judgment expired on _____.

☐ Memorandum of Costs after Judgment has not been filed.

☐ Only one judgment debtor may be named on application.

☐ No Substitution of Attorney has been filed.

☐ Judgment has been stayed.

☑ Other:  Notice of Appeal is rejected as it cannot be filed as to non-judgment rulings.  Please contact the Small Claims Advisor at 805-654-5054 for assistance on how to proceed.

Should you need further assistance, please call the Small Claims Clerk's Office at (805)289-8526.

Clerk of the Court

Date: <u>05/07/2025</u>

By: _____
Jennifer Oliva



Chambers of

# The Superior Court of California, County of Ventura

**MATTHEW P. GUASCO**
Presiding Judge
800 S. Victoria Avenue
Ventura, California 93009
Telephone: 805.289.8807

August 4, 2025

Via USPS and email transmission to: brianalexander68@gmail.com

Brian Alexander Smith
11 Lincoln Ave
Cathedral City, CA 92234

### *Re: Rebuttal to letter of Hon. Ronda J. McKaig concerning Commissioner Lewis*

Dear Mr. Smith:

Your August 1, 2025, rebuttal letter concerning small claims case *Brian Alexander Smith v. Johnson Family Dental* (Ventura Superior Court case no. 2024SC0381858) was forwarded to my attention.   Please be advised that, pursuant to California Rule of Court 10.703(b)(2), I delegated the authority to review and respond to complaint letters concerning subordinate judicial officers (i.e., commissioners) to the Supervising Judges of the departments in which the officers serve.  Accordingly, Acting Supervising Civil Judge Benjamin F. Coats responded on March 28, 2025, to your complaints concerning Commissioner Courtney M. Lewis.  He found that you had not substantiated those complaints and he closed the investigation.   Similarly, on August 1, 2025, Supervising Civil Judge Ronda J. McKaig responded to additional complaints you made regarding Commissioner Lewis.   She also determined that she could not substantiate your complaints and she closed the investigation.

Your August 1, 2025, rebuttal document provides no basis to re-open either investigation into your complaints concerning Commissioner Lewis and the matters remain closed.

You have the right to request that the Commission on Judicial Performance review this matter under its discretionary jurisdiction to oversee the discipline of subordinate judicial officers.  No further action will be taken on your complaint unless the commission receives your written request within 30 days after the date this notice was mailed.  The commission's address is:

Commission on Judicial Performance
455 Golden Gate Avenue, Suite 14400
San Francisco, California 94102-3660

Sincerely,

Matthew P. Guasco
Presiding Judge
Superior Court of California, County of Ventura
MPG:mm

 Gmail

Brian Alexander Smith <brianalexander68@gmail.com>

---

## ADA Grievance Meeting Must Include All Issues and Acknowledge Conflict of Interest

3 messages

---

**Brian Smith** <brianalexander68@gmail.com>
To: "Anderson, Danielle" <dani.anderson@ventura.org>

Mon, Aug 4, 2025 at 11:40 AM

Dear Ms. Anderson,

This is to formally object to your attempt to limit the scope of the ADA grievance meeting to only my July 29, 2025 submission.

You are directly named in **multiple grievances I have filed** against the County of Ventura, including a **grievance against you personally**. It is entirely inappropriate for you to attempt to dictate or restrict the scope of a meeting meant to address misconduct and civil rights violations in which you are a subject. This presents a clear **conflict of interest** under ADA enforcement standards and due process.

This meeting must address all **ongoing, systemic ADA violations**, including but not limited to:

- Repeated denial of ADA accommodations by both County and Court officials;

- Obstruction and retaliation by court staff, security, and County employees;

- Falsification of service, filings, and court records;

- Mailing documents to the wrong address despite notice;

- Improper handling of SC-109 appearances and ghost lawyering;

- All grievances submitted since **July 2024**, including my prior filings and those referencing you directly.

I request that the meeting be **expanded to include all related ADA complaints** and that a neutral, uninvolved County official be present to avoid any appearance of self-review or bias.

Please confirm in writing whether the full scope of issues will be heard and whether a neutral party will be assigned to oversee the investigation and meeting outcome.

Sincerely,
**Brian Alexander Smith**
11 Lincoln Ave
Cathedral City, CA 92234
(619) 261-1789
brianalexander68@gmail.com

---

**Anderson, Danielle** <Dani.Anderson@venturacounty.gov>
To: Brian Smith <brianalexander68@gmail.com>

Mon, Aug 4, 2025 at 11:56 AM

Mr. Smith,

I have received your emails and will cancel today's meeting and contact you again sometime this week.

Dani Anderson

**From:** Brian Smith <brianalexander68@gmail.com>
**Sent:** Monday, August 4, 2025 11:41 AM
**To:** Anderson, Danielle <Dani.Anderson@venturacounty.gov>
**Subject:** ADA Grievance Meeting Must Include All Issues and Acknowledge Conflict of Interest

WARNING: If you believe this message may be malicious use the Phish Alert Button to report it or forward the
message to Email.Security@venturacounty.gov.

[Quoted text hidden]

Brian Smith <brianalexander68@gmail.com>                                    Mon, Aug 4, 2025 at 12:02 PM
To: "Anderson, Danielle" <Dani.Anderson@venturacounty.gov>

Dear Ms. Anderson,

Thank you for your reply.

Given your decision to cancel today's meeting, I request that all responses, findings, and communications regarding my
**July 29, 2025 ADA grievance** be provided in **writing** with a clear timeline for resolution and compliance.

Please note that this matter has now been **formally included in my federal ADA complaint** (filed August 4, 2025, in the
U.S. District Court for the Central District of California), and includes the **bodycam evidence** and court record
irregularities I outlined earlier.

I respectfully reiterate that:

- All correspondence should remain **in writing**;

- I **do not consent** to any further delays, retaliatory actions, or procedural obstructions; and

- The **missing minute order and SC-109 from July 17, 2025**, must be addressed as part of this grievance.

Please confirm that the grievance is still under active review and that you will provide a written response in accordance
with the County's 15-day deadline.

Sincerely,
**Brian Alexander Smith**
11 Lincoln Ave
Cathedral City, CA 92234
(619) 261-1789
brianalexander68@gmail.com

[Quoted text hidden]



# *Superior Court of California*

COUNTY OF VENTURA
Hall of Justice
800 South Victoria Avenue
Ventura, CA  93009

*Kate Bieker*
*Executive Officer/Clerk*
*and Jury Commissioner*

June 3, 2025

Via USPS and email transmission to: brianalexander68@gmail.com

Brian Alexander Smith
11 Lincoln Ave
Cathedral City, CA 92234

    *Re:    Your ADA Concerns*

Dear Mr. Smith:

You have submitted a number of complaints concerning your small claims case (*Brian Alexander Smith v. Johnson Family Dental* (2024SC031858)) and your interactions with multiple departments of the Court.  On March 28, 2025, then Civil Supervising Judge Benjamin F. Coats responded to your complaint letter.   Court Administration also responded by letter to you on April 2, 2025, addressing other issues for which you had complained.  I write separately to address ADA grievances you have asserted against the Court.

<u>ADA Coordinator</u> – Although you assert that the Court does not have an ADA Coordinator, that is incorrect.  Under California Rules of Court, rule 1.100 accommodation requests may be determined by the presiding judge or another judicial officer or by nonjudicial court personnel.  Recently, I was named the ADA Coordinator for the Court.  Prior to that time, the role of ADA Coordinator was held by the Court's Presiding Judge.

<u>MC-410 Submissions</u> – Although you contend that the Court has not considered your ADA accommodations requests, that is not the case.   You submitted two Disability Accommodation Request forms (MC-410) and an email concerning ADA issues, all of which the Court fully responded to: November 1, 2024; April 24, 2025; and May 13, 2025.

<u>Notice of Documents</u> – Although you contend that the Court has denied your ADA rights by not providing you with proper notice, that is also incorrect.  Throughout the case the Court has provided you with copies of its orders, including Civil Supervising Judge Ronda

Brian Alexander Smith
June 3, 2025
Page 2


J. McKaig's May 2, 2025, Minute Order resetting the hearing dates in your case to May 16, 2025, in Department J5.  The Certificate of Mailing, also dated May 2, 2025, establishes that the Court mailed the Minute Order to your address of record in Cathedral City, CA.  A copy of the record is attached.

We are sorry to read that you have been dissatisfied with your experience at the Court, however, we have not disregarded or failed to provide you with reasonable ADA access or accommodation.   We hope you find these responses informative.


Sincerely,


Melissa Macias
ADA Coordinator
Superior Court of California
County of Ventura

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF VENTURA | FOR COURT USE ONLY |
|---|---|

| | |
|---|---|
| COURTHOUSE ADDRESS:<br>Hall of Justice<br>800 South Victoria Ave<br>Ventura, CA 93009 | |
| PLAINTIFF/PETITIONER:<br>Brian Alexander Smith | |
| DEFENDANT/RESPONDENT:<br>Johnson Family Dental | |
| CASE TITLE:<br>BRIAN ALEXANDER SMITH vs JOHNSON FAMILY DENTAL | |

| CERTIFICATE OF MAILING | CASE NUMBER:<br>2024SC031858 |
|---|---|

I certify that I am not a party to this cause.  I certify that a true copy of the Minute Order  (Court Order Vacating Small Claims Trial and Setting Matter fo...) was mailed following standard court practices in a sealed envelope with postage fully prepaid, addressed as indicated below.  The mailing and this certification occurred at Ventura, California, on 05/02/2025.

Brian Alexander Smith
11 Lincoln Ave
Cathedral City, CA 92234

Steven G Johnson Dental Corporation
5800 Santa Rosa Rd, #101
Camarillo, CA 93012

K. Bieker, Executive Officer/Clerk

Dated: 05/02/2025                    By: _____
                                              Tammy Brantner, Deputy Clerk

**CERTIFICATE OF MAILING**



CHAMBERS OF

# The Superior Court

### Ronda J. McKaig, Judge
VENTURA
HALL OF JUSTICE
800 SOUTH VICTORIA AVENUE
VENTURA, CA 93009
(805) 289-8790

August 1, 2025

Via USPS and email transmission to: brianalexander68@gmail.com

Brian Alexander Smith
11 Lincoln Ave
Cathedral City, CA 92234

> **Re:    Your complaint letters/filings to the Presiding Judge**

Dear Mr. Smith:

Your letters and filings directed to two former Presiding Judges of the Ventura Superior Court were forwarded to my chambers for review and response as Supervising Judge of the Civil Department. (Please note that the current Presiding Judge is Hon. Matthew P. Guasco.) I am responding to additional concerns you have raised regarding Commissioner Courtney M. Lewis' oversight of your small claims case: *Brian Alexander Smith v. Johnson Family Dental* (Ventura Superior Court case no. 2024SC0381858).

As you know from prior correspondence, when the Court receives a complaint letter, we review the complaints, examine records from the case at issue, and respond, as here, in writing. The Court's review of your complaints is limited to issues of inappropriate judicial demeanor, bias or unreasonable delay. I do not have the authority to undermine or modify the ruling of another judicial officer.

Your letters raise several issues, which I have categorized below.

_Lack of Authority to Preside over Case_ – Your complaints indicate that you believe that your Code of Civil Procedure section 170.6 disqualification challenges to Commissioner Lewis were ignored. Please know that the Court has not ignored your challenges; you have made your position clear and you have filed numerous section 170.6 challenges against Commissioner Lewis. The Court has responded to these challenges as it is required and in conformance with the law. (See Minute Orders of May 27, 2025, May 30, 2025 and June 6, 2025.)

You also raise a concern that Commissioner Lewis improperly ruled on a motion relating to her own disqualification for cause. However, where a judicial officer determines that a disqualification challenge for cause discloses no legal ground for disqualification, the judicial officer has the statutory authority to strike the challenge. (Code Civ. Proc. §170.4(b).) As a result, Commissioner

Brian Alexander Smith
August 1, 2025
Page 2

Lewis has the authority to determine that a cause challenge lacks merit and she may order them stricken, as she did in this case.

A complaint letter to the Court is not a method by which to challenge these rulings, but I appreciate the opportunity to try to help you understand the Court's authority to rule on these issues.

*Conflict of Interest* – You raise a concern that Commissioner Lewis was required to disqualify herself because she is the subject of a pending complaint you have lodged with the Commission on Judicial Performance (CJP). The submission of a CJP complaint concerning a judicial officer does not disqualify that judicial officer from presiding over the case at issue.

*Unauthorized Representations/ Ghost-Lawyering* – You raise a concern that Commissioner Lewis allowed unauthorized appearances on the part of the defendant corporation. You specifically raise the concern that Brian P. Kamel and Defendant's employees Adriana Estrada and Jennifer Valdez were permitted to appear without being attorneys of record or timely filing the appropriate paperwork.

The SC-109 form authorizing an appearance on behalf of a corporation can be filed at the time of trial and there is no requirement that the form be served on the other side prior to the trial. Both Ms. Estrada and Ms. Valadez filed SC-109 forms with the court and their appearances were authorized. Commissioner Lewis denied the request by attorney Kamel to appear on behalf of Defendant. (Amended Minute Order, May 16, 2025.) The Minutes reflect that Mr. Kamel was in the audience during the open session, but not during the closed-ADA session. Additionally, while attorneys cannot appear in a small claims action on behalf of a party to a case, attorneys may provide advice to small claims litigants outside the trial setting. (Code Civ. Proc. §116.530(c)(1)).

*ADA Issues* – You indicate that Commissioner Lewis ignored your disability-related requests for accommodation and that she engaged in a consistent pattern of bias by dismissing or deflecting your ADA arguments. You also claim that she rushed a part of the proceedings but then held you in the courtroom for over two hours without a break.

The record indicates that Commissioner Lewis provided you with additional time (30 minutes) to present your case at trial on January 30, 2025; a closed session (45 minutes) where you could raise your ADA concerns; and additional time to argue your motions on May 16, 2025 (2 hours total for both sides with a break). She also granted your request to present argument using chat GPT. (Verified Alternative Answer, Commissioner Courtney M. Lewis, July 15, 2025). It appears your requests were accommodated.

*Allowed Use of Unserved Evidence* – You raise a concern that Commissioner Lewis allowed the introduction of the Defendant's trial brief on May 16, 2025, despite your assertion that it had not been properly served upon you. The trial did not go forward on May 16, 2025, and Commissioner Lewis ordered Defendant to serve you with the trial brief forthwith on that date. (Minute Order, May 16, 2025.)

Brian Alexander Smith
August 1, 2025
Page 3

I appreciate that you took the time to alert the Court to the concerns you had about your experience with Commissioner Lewis. However, after a review of the record, I cannot substantiate the complaints asserted as to Commissioner Lewis' demeanor or bias. Accordingly, I do not find that there is any further action warranted on your complaint and I am closing my investigation.

As the Court has previously indicated, if you are dissatisfied with the Court's response to your complaint, you have the right to request that the Commission on Judicial Performance review this matter under its discretionary jurisdiction to oversee the discipline of subordinate judicial officers. Although you stated that you had previously reached out to the Commission on Judicial Performance, you should know that no further action will be taken on your complaint unless the Commission receives your written request within 30 days after the date this notice was mailed. The Commission's address is:

> Commission on Judicial Performance
> 455 Golden Gate Avenue, Suite 14400
> San Francisco, California 94102-3660

Very truly yours,

Ronda J. McKaig
Supervising Judge of the Civil Department
Superior Court of California, County of Ventura

RJM:mm



Chambers of

# The Superior Court of California, County of Ventura

**MATTHEW P. GUASCO**
Presiding Judge
800 S. Victoria Avenue
Ventura, California 93009
Telephone: 805.289.8807

August 4, 2025

Via USPS and email transmission to: brianalexander68@gmail.com

Brian Alexander Smith
11 Lincoln Ave
Cathedral City, CA 92234

### Re: Rebuttal to letter of Hon. Ronda J. McKaig concerning Commissioner Lewis

Dear Mr. Smith:

Your August 1, 2025, rebuttal letter concerning small claims case *Brian Alexander Smith v. Johnson Family Dental* (Ventura Superior Court case no. 2024SC0381858) was forwarded to my attention.   Please be advised that, pursuant to California Rule of Court 10.703(b)(2), I delegated the authority to review and respond to complaint letters concerning subordinate judicial officers (i.e., commissioners) to the Supervising Judges of the departments in which the officers serve.  Accordingly, Acting Supervising Civil Judge Benjamin F. Coats responded on March 28, 2025, to your complaints concerning Commissioner Courtney M. Lewis.  He found that you had not substantiated those complaints and he closed the investigation.   Similarly, on August 1, 2025, Supervising Civil Judge Ronda J. McKaig responded to additional complaints you made regarding Commissioner Lewis.   She also determined that she could not substantiate your complaints and she closed the investigation.

Your August 1, 2025, rebuttal document provides no basis to re-open either investigation into your complaints concerning Commissioner Lewis and the matters remain closed.

You have the right to request that the Commission on Judicial Performance review this matter under its discretionary jurisdiction to oversee the discipline of subordinate judicial officers.  No further action will be taken on your complaint unless the commission receives your written request within 30 days after the date this notice was mailed.  The commission's address is:

> Commission on Judicial Performance
> 455 Golden Gate Avenue, Suite 14400
> San Francisco, California 94102-3660

Sincerely,

Matthew P. Guasco
Presiding Judge
Superior Court of California, County of Ventura
MPG:mm

 Gmail

Brian Alexander Smith <brianalexander68@gmail.com>

## ADA Grievance – Retaliatory False Report by GSA Security Officer WC Green (Incident #25-89952)
4 messages

**Brian Smith** <brianalexander68@gmail.com>
Tue, Jul 29, 2025 at 10:15 AM
To: ADA Coordinator <ADAcoordinator@ventura.courts.ca.gov>, admin-vsc <admin-vsc@ventura.courts.ca.gov>, jessica.brown@ventura.courts.ca.gov, Rachel Jacobs <rachel.jacobs@ventura.courts.ca.gov>, RecordsCorrespondence <RecordsCorrespondence@ventura.courts.ca.gov>, kate.bieker@ventura.courts.ca.gov, JudicialCouncil@jud.ca.gov, "Anderson, Danielle" <dani.anderson@ventura.org>, Risk.Management@ventura.org, "Pettit, Mike" <mike.pettit@ventura.org>, D S <aladigigi@gmail.com>, Felicia Daffara <finallymovingla@gmail.com>, Electra Schrock <ELECTRA.SCHROCK@gmail.com>

Dear ADA Coordinator,

I am filing a **formal ADA grievance** against **GSA Security Officer WC Green** for **retaliatory conduct and harassment** on **July 17, 2025**, following my small claims hearing in Dept J5 at the Ventura Juvenile Courthouse.

### What Happened

- Immediately after my hearing, **WC Green filed a false report** claiming I was drinking alcohol in my van parked in front of the courthouse.
- Deputies Nicholas Falato (VS5712) and Adrian Ramirez (VS5292) responded and confirmed I had **no alcohol and had committed no crime.**
- During the contact, I **disclosed my traumatic brain injury (TBI)** and showed my disability identification card.

At **5:26 PM**, I was on a **20-minute phone call with Fellicia Bronson**, as verified by my phone records. The **false report was called in at 5:35 PM**, proving the allegation was fabricated.

### Why This Violates the ADA

This false report was **deliberate retaliation** for my courtroom participation as a self-represented disabled litigant:
- ✅ It **humiliated me publicly** and created fear of arrest.
- ✅ It was **intended to intimidate me from exercising my legal rights.**
- ✅ It constitutes **harassment and discrimination under Title II of the ADA.**

### Requested Actions

1. A **formal investigation** into WC Green's conduct.
2. A **written apology and corrective measures**.
3. **Disciplinary action** against WC Green for retaliation.
4. ADA training for **all courthouse security staff** on proper treatment of disabled litigants.

Attached are:
- ☑ **FI and CFS reports** proving the false report.
- ☑ **Phone record screenshot** showing I was on a call at the time.

Failure to address this grievance will be documented as **further ADA retaliation and used as evidence in federal court.**

Thank you,
**Brian Alexander Smith**
11 Lincoln Ave
Cathedral City, CA 92234
brianalexander68@gmail.com
(619) 261-1789

---

**3 attachments**



**IMG_4695.png**
96K

 **25-89952 CFS.pdf**
19K

 **25-89952 FI.pdf**
19K

---

**Anderson, Danielle** <Dani.Anderson@venturacounty.gov>
Fri, Aug 1, 2025 at 1:40 PM
To: Brian Smith <brianalexander68@gmail.com>

Mr. Smith,

The County of Ventura adheres to an Americans with Disabilities (ADA) Grievance Procedure. This procedure (attached) requires you receive a response and offer to meet to discuss potential resolutions related to your grievance within 15 days of receipt and that you are provide with a formal response within 15 days of that meeting.

Would you like to meet and discuss possible resolutions to this specific grievance dated July 29th at 10:16am?

I am available to meet virtually August 4th or 7th from 2:00-2:30.

Please let me know if you would like to meet and if you are available either of the times provided.

Sincerely,

Dani Anderson

---

**From:** Brian Smith <brianalexander68@gmail.com>
**Sent:** Tuesday, July 29, 2025 10:16 AM
**To:** ADA Coordinator <ADAcoordinator@ventura.courts.ca.gov>; admin-vsc <admin-vsc@ventura.courts.ca.gov>; jessica.brown@ventura.courts.ca.gov; Rachel Jacobs <rachel.jacobs@ventura.courts.ca.gov>; RecordsCorrespondence <RecordsCorrespondence@ventura.courts.ca.gov>; Kate Bieker <Kate.Bieker@ventura.courts.ca.gov>; JudicialCouncil@jud.ca.gov; Anderson, Danielle <Dani.Anderson@venturacounty.gov>; Risk Management <Risk.Management@venturacounty.gov>; Pettit, Mike <Mike.Pettit@venturacounty.gov>; D S <aladigigi@gmail.com>; Felicia Daffara <finallymovingla@gmail.com>; Electra Schrock <ELECTRA.SCHROCK@gmail.com>
**Subject:** ADA Grievance – Retaliatory False Report by GSA Security Officer WC Green (Incident #25-89952)

WARNING: If you believe this message may be malicious use the Phish Alert Button to report it or forward the message to Email.Security@venturacounty.gov.

[Quoted text hidden]


VC_ADA_Grievance_Procedure.pdf
173K

---

Brian Smith <brianalexander68@gmail.com>                                    Fri, Aug 1, 2025 at 4:00
Draft To: "Anderson, Danielle" <Dani.Anderson@venturacounty.gov>

## ADA Grievance – Retaliatory False Report by GSA Security Officer WC Green (Incident #25-89952)

Inbox



Brian Smith                                               Tue, Jul 29, 10:15 AM (3 days ago)
Dear ADA Coordinator, I am filing a formal ADA grievance against GSA Security Officer WC Green for retaliatory conduct and harassment on July 17, 2025, followin



Anderson, Danielle <Dani.Anderson@venturacounty.gov>              1:41 PM (2 hours ago)

to me

Mr. Smith,

The County of Ventura adheres to an Americans with Disabilities (ADA) Grievance Procedure. This procedure (attached) requires yo receive a response and offer to meet to discuss potential resolutions related to your grievance within 15 days of receipt and that you are provide with a formal response within 15 days of that meeting.

Would you like to meet and discuss possible resolutions to this specific grievance dated July 29th at 10:16am?

I am available to meet virtually August 4th or 7th from 2:00-2:30.

Please let me know if you would like to meet and if you are available either of the times provided.

Sincerely,

Dani Anderson

---

**From:** Brian Smith <brianalexander68@gmail.com>
**Sent:** Tuesday, July 29, 2025 10:16 AM
**To:** ADA Coordinator <ADAcoordinator@ventura.courts.ca.gov>; admin-vsc <admin-vsc@ventura.courts.ca.gov>; jessica.brown@ventura.courts.ca.gov; Rachel Jacobs <rachel.jacobs@ventura.courts.ca.gov>; RecordsCorrespondence <RecordsCorrespondence@ventura.courts.ca.gov>; Kate Bieker <Kate.Bieker@ventura.courts.ca.gov>; JudicialCouncil@jud.ca.gov; Anderson, Danielle <Dani.Anderson@venturacounty.gov>; Risk Management <Risk.Management@venturacounty.gov>; Pettit, Mike <Mike.Pettit@venturacounty.gov>; D S <aladigigi@gmail.com>; Felicia Daffara <finallymovingla@gmail.com>; Electra Schrock <ELECTRA.SCHROCK@gmail.com>
**Subject:** ADA Grievance – Retaliatory False Report by GSA Security Officer WC Green (Incident #25-89952)

**WARNING:** If you believe this message may be malicious use the Phish Alert Button to report it or forward the message to Email.Security@venturacounty.gov.

One attachment • Scanned by Gmail


Either date works for me.
I am not available that day.
Yes, I am available.

[Quoted text hidden]

---

Anderson, Danielle <Dani.Anderson@venturacounty.gov>                                   Mon, Aug 4, 2025 at 10:26 AM
To: "brianalexander68@gmail.com" <brianalexander68@gmail.com>

Mr. Smith,

This is the grievance to be discussed today at 2:00.

Dani Anderson

[Quoted text hidden]

---

📄 **VC_ADA_Grievance_Procedure.pdf**
173K

 Gmail

Brian Alexander Smith <brianalexander68@gmail.com>

## Formal ADA Grievance – July 17, 2025 Courthouse Incident and Obstruction of Access
1 message

**Brian Smith** <brianalexander68@gmail.com>                                                   Mon, Aug 4, 2025 at 12:01 PM
To: ADA Coordinator <ADAcoordinator@ventura.courts.ca.gov>, "Anderson, Danielle" <dani.anderson@ventura.org>,
Risk.Management@ventura.org, "Pettit, Mike" <mike.pettit@ventura.org>, Rachel Jacobs
<rachel.jacobs@ventura.courts.ca.gov>, admin-vsc <admin-vsc@ventura.courts.ca.gov>, RecordsCorrespondence
<RecordsCorrespondence@ventura.courts.ca.gov>, JudicialCouncil@jud.ca.gov, kate.bieker@ventura.courts.ca.gov,
jessica.brown@ventura.courts.ca.gov, Tammy Brantner <Tammy.Brantner@ventura.courts.ca.gov>

Dear Ms. Macias and Ms. Anderson,

This is a **formal ADA grievance and public safety complaint** regarding **discriminatory and retaliatory actions taken against me** on **July 17, 2025** at the **Ventura County Juvenile Courthouse (Dept. J5)**, while I was attempting to attend properly noticed hearings and assert my disability rights.

### Summary of Incident:

On July 17, 2025, after months of documented ADA violations in my small claims case (No. 2024SC031858), I was physically present at the Ventura courthouse to appear for pending motions. I was instead met with **retaliatory and false law enforcement action** instigated by court staff—specifically **a 911 call falsely accusing me of drinking alcohol inside my van**, where I was parked legally and peacefully.

I was never intoxicated, never posed any safety threat, and was never contacted about this incident beforehand. This manufactured report, made while I was engaging in protected activity, demonstrates **egregious bad faith and retaliation** under the **Americans with Disabilities Act** and **Section 504 of the Rehabilitation Act.**

### Evidence Links (Bodycam Footage):

- 🎥 **Bodycam Video 1 – Ventura Courthouse False Police Report**

- 🎥 **Bodycam Video 2 – Axon Footage of July 17, 2025 Incident**

Both videos document the **lack of probable cause**, **pretextual police response**, and **harassment** designed to deter me from court access and ADA participation. My license plate was referenced with no identifying description — a clear indication of targeting, not genuine concern.

### Ongoing Obstruction:

Despite repeated filings, the **minute order and SC-109 form for the July 17, 2025 hearing have never been uploaded to the case docket** as of August 4, 2025, 9:38 AM. This deliberate omission further violates my right to a clear public record and due process under Title II of the ADA.

Attached is a **screenshot documenting the missing entries**, labeled with the date/time. I also submitted these facts in my federal ADA/civil rights complaint filed today in the U.S. District Court for the Central District of California.

### Demands:

1. Immediate production of the **SC-109 and minute order** for July 17, 2025.

2. Written acknowledgment that court staff instigated the **false police report**.

3. An **independent review** of Ventura court security practices and ADA training.

4. Full compliance with **California Rule of Court 1.100(g)** and proper reassignment of my small claims matter due to judicial bias and ongoing obstruction.

5. Written apologies from all responsible individuals and public record correction.

Please respond in writing. I request **no further phone calls** and no closed-door meetings without formal agenda and recording.

Sincerely,
**Brian Alexander Smith**
11 Lincoln Ave
Cathedral City, CA 92234
(619) 261-1789
brianalexander68@gmail.com

**5 attachments**


**IMG_4791.jpeg**
3325K

 **25-89952 CFS.pdf**
19K

 **25-89952 FI.pdf**
19K

 **25-89952 phone 2.wav**
1096K

 **25-89952 phone 1.wav**
1290K

VENTURA
SUPERIOR COURT
**FILED**

JUL 17 2025

K. BIEKER
Executive Officer and Clerk
BY: _Victoria D. Berber_ Deputy

**VICTORIA BERBER**

SUPERIOR COURT OF THE STATE OF

CALIFORNIA FOR THE COUNTY OF VENTURA

| | |
|---|---|
| BRIAN ALEXANDER SMITH | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| JOHNSON FAMILY DENTAL | ) |
| Defendant. | ) |
| | ) |

No.  2024SC031858

Presiding Judge Matthew P.

Guasco's Review of ADA

Determinations – California Rule of

Court 1.100(g)(1)

**CONFIDENTIAL**